Jerry NEIMEYER, Indv., etc., et al.,
Appellants,

v.

Wade R. TURNER, Appellee.

No. 14836.

Court of Civil Appeals of Texas.

Houston.

Oct. 20, 1966.

---

Martin & Knox, Jack R. Martin, Houston, for appellants.

Tom Alexander, Butler, Binion, Rice, Cook & Knapp, Houston, Jonathan Day, Houston, of counsel, for appellee.

BELL, Chief Justice.

This is a case in which appellant, Jerry Neimeyer, sued for himself to recover damages resulting from personal injuries suffered by his wife in an automobile collision, for property damage to his automobile and for hospital and medical expense. He also sued as next friend for his minor daughter to recover damages for personal injuries suffered by her.

The court submitted issues inquiring as to whether appellee failed to keep a proper lookout or failed to make proper application of his brakes. The jury answered these issues favorably to the appellee. The related proximate cause issues were not answered because conditionally submitted. The jury answered that the collision was the result of an unavoidable accident. On such verdict the Court rendered judgment in favor of appellee that appellants take nothing.

Here the appellants assert the court erred in not granting a new trial because the jury's answer to each issue was so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong.

This contention requires that we weigh all of the evidence. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

Mrs. Neimeyer, who was driving her automobile, stopped in obedience to a red signal light on Almeda Road in the Almeda community. She looked in the rear-view mirror as she was coming to a stop and saw appellee's automobile some distance behind her. He was at such a distance that she considered there was no danger of a collision and nothing else indicated such. It had been raining and the streets were wet. It had again commenced to rain and she began to roll up her car window when her car was hit from the rear by the car driven by appellee. She had been in a completely stopped position for a few seconds before the collision. The force of the collision knocked her car into the intersection but she could not say how far. She could describe nothing further concerning the events leading to the collision.

Mr. Turner, the appellee, was the only other witness giving evidence as to how

the collision occurred, except Lynda Neimeyer, the fourteen year old daughter, who testified only that the Neimeyer automobile had been in a stopped position at the red light for a few seconds before the collision. Mr. Turner had been behind the Neimeyer car for some time. It had been raining and the streets were slick. He noticed the Neimeyer car stopped at the red light when he was about 300 yards behind it. He took his foot off of the accelerator at that point. He at the time was going about 35 miles per hour. The speed limit was 40 miles per hour. He slowed down gradually until he was going about 8 miles per hour when he was still about 100 yards behind the Neimeyers. He had applied his brakes lightly in the process of slowing down. When he got about 25 feet behind the Neimeyer car he applied his brakes fully and his car wheels locked and his car slid into the Neimeyer car. At this time he was looking at the speedometer and it showed he was going 5 miles per hour. He tried to turn his wheels to the right so his car would go to the right of the Neimeyers. This effort was unsuccessful because his car was sliding on the wet street. After the collision he noticed that at the point where he last applied his brakes there was a thin film of slush on the road. He had not seen it before the collision.

There is evidence showing considerable damage to the rear of the Neimeyer car. However, Mrs. Neimeyer was able to drive her car home and Mr. Turner continued his journey. We need not notice the details of the damage or the injuries sustained by Mrs. Neimeyer and Lynda. It suffices to say that we have read all of the testimony and have considered all of it in reaching our conclusion.

We cannot say that the answer of the jury to any issue is so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong or manifestly unjust.

Affirmed.